# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **T.H.,** *et al.*,<br><br>      **Plaintiffs,**<br><br>   v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>      **Defendant.** | Civil Action No. 17-0196 (ESH) |

## MEMORANDUM OPINION AND ORDER

  T.H. is a 16-year-old student who attends Woodrow Wilson High School in the District of Columbia. T.H.'s parents ("plaintiffs") filed this lawsuit against the District on behalf of T.H., alleging discrimination under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and the District of Columbia Human Rights Act of 1977 ("DCHRA"), D.C. Code § 2-1401.01 *et seq.*, and claiming intentional infliction of emotional distress. (Compl., ECF No. 21-2, at 7–9.)

  The District now moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, arguing that (1) plaintiffs' claims are subject to the administrative-exhaustion requirement of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415(l), even though plaintiffs did not file suit under IDEA, and (2) plaintiffs' failure to exhaust those administrative remedies deprives this Court of jurisdiction. (Def.'s Mot. for J. on the Pleadings ("Def.'s Mot."), April 26, 2017, ECF No. 17, at 5–10.) Plaintiffs respond that their claims are not subject to IDEA's administrative-exhaustion requirement. (Pls.' Mem. in Opp'n to Def.'s Mot. ("Pls.' Opp'n"), May 3, 2017, ECF No. 21, at 6–8.)

Even assuming *arguendo* that IDEA's administrative-exhaustion requirement applies to plaintiffs' claims, the District's motion will be denied. The Court concludes that administrative exhaustion under IDEA is not a jurisdictional prerequisite to suit. Rather, the failure to exhaust IDEA's administrative remedies is an affirmative defense that the District must plead and prove. The District has failed to carry its burden on its affirmative defense, given that plaintiffs' failure to exhaust IDEA's administrative remedies is not clear on the face of the complaint.

## BACKGROUND

Plaintiffs filed this lawsuit in D.C. Superior Court on December 12, 2016. (Compl. at 1.) On January 31, 2017, the District removed the matter to federal district court. (Notice of Removal, ECF No. 1.) As the specific factual allegations of the District's acts and omissions are not relevant to resolving the present motion, the Court provides only a brief overview of plaintiffs' claims.

Plaintiffs allege that T.H. is entitled to reasonable accommodations at her public high school pursuant to Section 504 because she suffers from an anxiety disorder. (Compl. at 3–4.) Accommodations provided to students with disabilities under Section 504 are generally memorialized in a "504 plan." According to plaintiffs, T.H.'s 504 plan was inadequate because the District failed to pursue appropriate psychological testing, and the school failed to properly implement T.H.'s 504 plan. (*Id.* at 2.) Plaintiffs further contend that T.H.'s Geometry teacher discriminated against her, in violation of DCHRA, by excluding T.H. from class for wearing too much perfume. (*Id.* at 4.) On the basis of the school's conduct, plaintiffs also claim intentional infliction of emotional distress. (*Id.* at 9.) T.H. and her parents seek declaratory relief, injunctive relief, and damages. (*Id.* at 9–10.)

The District filed its answer to the complaint on February 3, 2017, asserting among its "affirmative defense[s]," that plaintiffs "fail[ed] to exhaust administrative remedies." (Answer,

ECF No. 5, at 5.) On April 26, 2017, the District filed the present motion, arguing that the lawsuit should be dismissed for plaintiffs' failure to exhaust the administrative remedies available under IDEA. Importantly, plaintiffs make no allegations in their complaint with respect to pursuing or exhausting administrative remedies under IDEA or otherwise. (*See* Compl. at 1–10.)

## ANALYSIS

### I. LEGAL STANDARD

Moving under Rule 12(c), the District raises a jurisdictional challenge on the basis of plaintiffs' failure to administratively exhaust their claims. Typically, a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is the appropriate vehicle to lodge jurisdictional challenges. However, because the Court concludes that administrative exhaustion under IDEA is a non-jurisdictional affirmative defense, it will not construe the present motion as one having properly been brought under Rule 12(b)(1).

Under Rule 12(c), "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review a motion for judgment on the pleadings under the same standard that they would review a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 58 (D.D.C. 2007) (citations omitted). "To survive a motion to dismiss [for failure to state a claim under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). Courts may grant a defendant's motion to dismiss on the basis of an affirmative defense "when the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).

3

## II. ANALYSIS

In its motion for judgment on the pleadings, the District argues that this Court lacks subject-matter jurisdiction, reasoning that plaintiffs' claims are subject to IDEA's administrative exhaustion requirement and that plaintiffs failed to exhaust those administrative procedures. The District's unstated premise in making this argument is that administrative exhaustion under IDEA is a jurisdictional prerequisite to filing suit.

As it turns out, whether IDEA's administrative-exhaustion provision is jurisdictional is a dispositive legal issue here. Thus, for purposes of resolving this motion, the Court assumes *arguendo* that IDEA's administrative-exhaustion provision applies to plaintiffs' claims.[1] As explained below, this Court concludes that IDEA's administrative exhaustion requirement is not jurisdictional, and that the District therefore carries the burden of pleading and proving plaintiffs' failure to exhaust. But, the District has failed to carry its burden, for the failure to exhaust IDEA's administrative remedies is not clear on the face of the complaint.

Broadly speaking, Congress may impose two types of procedural rules that require litigants to exhaust the available administrative remedies under a given federal law: jurisdictional rules and claim-processing rules. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428,

---

[1] Plaintiffs do not argue that the exhaustion of IDEA's administrative remedies is a claim-processing rule, as opposed to a jurisdictional rule. Instead, they oppose the motion on the grounds that IDEA's exhaustion provision does not apply to their claims at all. (*See* Pls.' Opp'n at 6–8.) The Court need not resolve this issue here, but it notes that IDEA's administrative-exhaustion provision applies to actions brought under similar laws, like the Rehabilitation Act, when the suit "seek[s] relief that is also available" under IDEA. 20 U.S.C. § 1415(l). In *Fry v. Napoleon Cmty. Schs. et al.*, 137 S. Ct. 743 (2017), the Supreme Court held that a litigant is subject to IDEA's administrative-exhaustion provision if "the substance, or gravamen, of the plaintiff's complaint" seeks relief for the denial of a free appropriate public education–IDEA's "core guarantee." *Id.* at 748, 752. The Court, however, did not resolve the issue presented by plaintiffs here–whether a party seeking a remedy not available under IDEA, *i.e.*, money damages, could still be "seeking relief . . . also available" under an IDEA such that exhaustion of IDEA's administrative procedures would be required. *See id.* at 752 n.4.

4

435 (2011). This distinction "is not merely semantic but one of considerable practical importance for judges and litigants." *Id.* at 434. Jurisdictional rules, which govern a court's ability to hear the case at all, "alter[] the normal operation of our adversarial system." *Id.* If an exhaustion requirement is jurisdictional, courts must independently raise the issue of whether the claims have been administratively exhausted, and jurisdictional challenges cannot be waived and may be raised at any time in the litigation. *Id.* By contrast, claim-processing rules–"rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"–are considered by a court only if raised by a litigant and are waived if they are not timely raised. *Id.* at 435.

Of particular relevance to this motion, the distinction between jurisdictional and non-jurisdictional exhaustion rules determines which party bears the burden of showing compliance or lack of compliance with the available administrative procedures. If IDEA's administrative-exhaustion provision is jurisdictional, a plaintiff subject to those requirements would have the initial burden of pleading administrative exhaustion in his or her complaint. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction."); *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). However, if the administrative-exhaustion provision is a claim-processing rule, the failure to pursue the required administrative remedies would be an affirmative defense, which the defendant would have the burden of pleading and proving. *Cf. Jones v. Bock*, 549 U.S. 199, 212 (2007) (holding that the exhaustion requirement of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), is an affirmative defense that the defendant must plead and prove). Because of the implications of labeling a procedural rule as jurisdictional, the Supreme

Court has recently attempted to "bring some discipline to the use of this term." *Henderson*, 562 U.S. at 435.

"To ward off profligate use of the term 'jurisdiction,'" the Supreme Court has "adopted a 'readily administrable bright line' for determining whether to classify a statutory limitation as jurisdictional." *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013) (quoting *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 516 (2006)). Under this analysis, courts "inquire whether Congress has 'clearly state[d]' that the rule is jurisdictional," and "absent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.'" *Id.* (quoting *Arbaugh*, 546 U.S. at 515–516).

Although the D.C. Circuit has not ruled on whether IDEA's exhaustion requirement is jurisdictional, this Court is persuaded by the reasoning of the Ninth Circuit in *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863 (9th Cir. 2011) (en banc), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). Although the Ninth Circuit had previously considered IDEA's exhaustion requirement to be a jurisdictional bar, it reexamined its prior decisions "in light of a spate of Supreme Court cases clarifying the difference between provisions limiting [courts'] subject-matter jurisdiction . . . and 'claims processing provisions.'" *Id.* at 867 (citations omitted). The Ninth Circuit held that IDEA's exhaustion requirement is not jurisdictional because it "is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions." *Id.* at 870–71 (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). The court further noted that the burden of showing the failure to exhaust would fall on the defendant, analogizing to the PLRA's exhaustion requirement, which the Supreme Court had determined was an affirmative defense that the defendant carried the burden of pleading and proving. *Id.* at 869 (citing *Jones*, 549 U.S.

at 216). Under the Ninth Circuit's approach, a defendant generally should raise a plaintiff's failure to exhaust IDEA's administrative remedies in a Rule 56 motion for summary judgment. *Albino*, 747 F.3d at 1169.[2] At that juncture, a court would have to determine whether IDEA's exhaustion requirement applies to the lawsuit and whether, on the basis of the undisputed facts, the defendant is entitled to judgment on the affirmative defense of failure to exhaust IDEA's administrative remedies.

At least two district courts within the D.C. Circuit have treated as jurisdictional IDEA's administrative-exhaustion requirement when considering motions to dismiss on the basis that IDEA exhaustion applies to claims arising under similar laws. *See Douglas v. Dist. of Columbia*, 65 F. Supp. 3d 225, 228 (D.D.C. 2014); *Douglass v. Dist. of Columbia*, 750 F. Supp. 2d 57, 59 (D.D.C. 2010). While *Douglass* may be in conflict with this Court's legal conclusion here, the issue was not presented to the *Douglass* court, and that case was decided before the Supreme Court's ruling in *Henderson* and the Ninth Circuit's decision in *Payne*. *See Muskrat v. Deer Creek Pub. Schs.*, 715 F.3d 775, 784 (10th Cir. 2013) ("It appears that only the Ninth Circuit [in *Payne*] has evaluated the question at any length."). In *Douglas*, decided after *Payne*, the court based its finding that the plaintiff had failed to administratively exhaust his claims on the plaintiff's allegations: the plaintiff filed the complaint in district court only ten days after he alleged that he filed his administrative complaint and before he alleged that his administrative

---

[2] In *Payne*, the Ninth Circuit indicated that lower courts could consider the affirmative defense of exhaustion on an "unenumerated Rule 12(b) motion rather than on a motion for summary judgment." *Id.* at 881 (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)). However, in *Albino*, the Ninth Circuit overruled *Payne* insofar as it approved of the "unenumerated 12(b) motion" procedure. 747 F.3d at 1171. The Ninth Circuit held that a defendant invoking non-jurisdictional exhaustion can only do so on a motion to dismiss in the "rare" case where the "failure to exhaust [is] clear from the face of the complaint." *Id.* at 1169. As a general matter, an exhaustion affirmative defense should be raised in a Rule 56 motion for summary judgment. *Id.* at 1171.

7

hearing was scheduled to take place. 750 F. Supp. 2d at 228. In other words, the plaintiff's failure to exhaust in that case was clear on the face of the complaint.

In sum, because this Court concludes that IDEA's administrative-exhaustion requirement is not jurisdictional, the District carries the burden of pleading and proving plaintiffs' failure to exhaust. In order to prevail on the present motion, the District must show–on the face of the complaint–that plaintiffs failed to exhaust IDEA's administrative remedies. In this case, unlike *Douglas*, plaintiffs do not make any factual allegations related to IDEA's administrative procedures. The factual predicates of the exhaustion defense are therefore not present on the face of the complaint. Given that the District carries the burden on its affirmative defense, the fact that plaintiffs did not make any allegations with respect to exhaustion is fatal to the District's motion, not plaintiffs' lawsuit.

## CONCLUSION

Accordingly, and for the reasons stated above, it is hereby **ORDERED** that the District's motion for judgment on the pleadings pursuant to Rule 12(c) is **DENIED**.

**SO ORDERED**.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 9, 2017